JONATHAN M. KAUFMAN, ESQ. (California State Bar No. 104576)
The Law Offices Of Jonathan M. Kaufman
220 Montgomery Street, Suite 976
San Francisco, CA 94104
Telephone: (415) 956-4765
Facsimile:  (415) 956-1664
E-Mail:     klo-jmk@pacbell.net

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SATWINDER SINGH, et al.,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>EMILIO T. GONZALEZ,<br>Director, United States Citizenship and Immigration Services,<br><br>　　　　Defendant.<br>_____/ | Case No. 07-3472 JSW<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES |

**I. NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**

Notice is hereby given that on September 14, 2007 at 9:00 a.m. or as soon thereafter as the matter can be heard in the Courtroom of the Honorable Jeffrey S. White, located at 450 Golden Gate Avenue, San Francisco, California, Courtroom 2, plaintiffs will move the Court for a preliminary injunction requiring defendant, the Director the United States Citizenship and Immigration Services (USCIS) to adjudicate plaintiffs' visa petition and application for adjustment of status.

This motion will be based upon this motion, the following memorandum of points and authorities, as well as all other pleadings on file herein, and on such further discussion and argument as the Court may hear on the matter.

1

## II. FACTS

Plaintiff Satwinder Singh, is a 17 year old citizen of India who was admitted to the United States on August 24, 1997 as an asylee based upon an approved asylee relative petition filed on his behalf by his father, plaintiff Surinder Singh. *See*, First Amended Complaint Exhibit A.

On November 8, 1998 plaintiff Satwinder Singh applied for adjustment of status pursuant to 8 U.S.C. §1159(b). *See*, First Amended Complaint Exhibit B.

On January 5, 2005 plaintiff Surinder Singh was admitted as a citizen of the United States. *See*, First Amended Complaint Exhibit C.

On January 10, 2006 the USCIS informed plaintiff Satwinder Singh that he was no longer eligible for adjustment of status as an asylee because his father was a United States citizen. *See*, First Amended Complaint Exhibit D.

On January 17, 2006 plaintiff Surinder Singh petitioned defendant to accord plaintiff Satwinder Singh immediate relative status under 8 U.S.C. §1151(b)(2)(A)(I), and plaintiff Satwinder Singh simultaneously applied for adjustment of status pursuant to 8 U.S.C. §1255(a). *See*, First Amended Complaint Exhibit E.

Plaintiffs have been interviewed by the Director of the USCIS office in San Francisco. The USCIS has not adjudicated plaintiffs' petition and application.

Plaintiffs have brought this action to compel the USCIS to take action on their petition and application because of the profound impact delay may have on plaintiff Satwinder Singh's eligibility for United States citizenship.

Pursuant to 8 U.S.C. §1431(a), plaintiff Satwinder Singh will automatically become a citizen of the United States if his status is adjusted to lawful permanent resident prior to his 18th birthday. Plaintiff turns 18 on January 15, 2008. If his application is approved after that date, he will lose his right to acquire United States Citizenship automatically. He will be required to apply for naturalization pursuant to 8 U.S.C, §1427(a). To be eligible for naturalization will need to wait five years from the date his status is adjusted to apply.

### III. STATUTORY AUTHORITY

8 U.S.C. §1154(a)(1)(A)(i) vests defendant with the authority to accord immediate relative status under 8 U.S.C. §1151(b)(2)(A)(i) to the alien child of a United States citizen. To accord immediate relative status a United States citizen is required to file a petition on a Form I-130 with the USCIS in accordance with the provisions of 8 C.F.R. §204.1.

8 U.S.C. §1255(a) vests defendant with discretion to adjust an alien's status to that of an alien lawfully admitted for permanent residence. To apply for adjustment of status an alien is required to file an application on a Form I-485 in accordance with the provisions of 8 C.F.R. §245.2.

28 U.S.C. §1331 vests the Court with subject matter jurisdiction over plaintiffs' complaint.

28 U.S.C. §1361 provides that district courts have original jurisdiction of any action in the nature of mandamus to compel an agency to perform a duty owed to a plaintiff. 5 U.S.C.§706(1) vests the court with the authority to compel agency action unlawfully withheld or unreasonably delayed.

### IV. PLAINTIFFS HAVE EXHAUSTED THEIR ADMINISTRATIVE REMEDIES

There is no provision made for administrative review of the USCIS' alleged unlawful activity. Plaintiffs have exhausted their administrative remedies.

### VI. DEFENDANT HAS FAILED TO DISCHARGE HIS DUTY

28 U.S.C. §1361 vests the Court with discretion to grant mandamus relief if (1) plaintiffs' claim is clear and certain; (2) the duty of the INS is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 1343, 1345 (9th Cir.1985).

Mandamus relief is appropriate in plaintiffs' case. Plaintiffs' claim is clear and certain and the USCIS' duty to adjudicate their petition and application so plainly prescribed as to be free from doubt.

To accord immediate relative status 8 U.S.C. §1154(a)(1)(A)(i) requires that plaintiff Surinder Singh file a petition with the USCIS that establishes that he is a United States citizen and that

3

1  plaintiff Satwinder Singh is his child.

2  Plaintiff Satwinder Singh's eligibility for immediate relative status would appear to be beyond dispute. Plaintiff Surinder Singh's petition has been properly filed. *See*, First Amended Complaint Exhibit E. Plaintiff Surinder Singh's naturalization certificate proves that he has been admitted for United States citizenship. *See*, First Amended Complaint Exhibit C. The USCIS has previously determined that Satwinder Singh is Surinder Singh's son. It made that determination when it approved the asylee relative petition Surinder Singh filed on his son's behalf, and admitted Satwinder Singh to the United States for derivative asylum. *See*, First Amended Complaint Exhibit A.

To be eligible for adjustment of status under 8 U.S.C. §1255(a) Satwinder Singh must establish that he was inspected and admitted to the United States, make an application for adjustment, and demonstrate that he is admissible as an immigrant.

The evidence demonstrates the Satwinder Singh satisfies the statutory requirements. Satwinder Singh's Form I-94 proves that he was inspected and admitted to the United States. *See*, First Amended Complaint Exhibit A. Satwinder Singh's application has been properly filed. *See*, First Amended Complaint Exhibit E. Satwinder Singh was determined to be admissible to the United States when he was admitted for asylum. An immigrant visa will be immediately available to Satwinder Singh when his father's visa petition is approved.

While plaintiffs concede that no statute or regulation establishes an exact period of time in which the USCIS must act, time parameters do exist. 5 U.S.C. §555(b) dictates that the USCIS must proceed to conclude action on plaintiffs' petition and application within "a reasonable time". Congressional intent to compel agency action wrongfully withheld is manifested in the provisions of 5 U.S.C. §706(1) which vest the Court with authority to compel agency action unlawfully withheld or unreasonably delayed.

The USCIS has had ample opportunity to conduct whatever investigation it deemed appropriate in plaintiffs' case. The time for investigation has ended. It is respectfully submitted that

4

the USCIS should now be enjoined to act. The USCIS should be enjoined to adjust plaintiff Satwinder Singh's status, or issue a written decision that explains the reasons for denial.

## VII. IRREPARABLE INJURY AND THE NEED FOR INJUNCTIVE RELIEF

In the Ninth Circuit the tests for determining the propriety of issuing a preliminary injunction are whether the moving party has demonstrated either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the moving party's favor. *Martin v Int'l Olympic Comm.*, 740 F.2d 670, 674-675 (9th Cir. 1984).

Plaintiffs' probability of success is substantial. Plaintiffs' petition and application have been filed in the manner prescribed by agency regulation. Their submissions establish that Satwinder Singh is statutorily eligible for the immigration benefits sought. There is no derogatory factors that would militate against the favorable exercise of discretion.

The probability that plaintiff Satwinder Singh will sustain irreparable injury if the USCIS is not enjoined to act is substantial.

In enacting the Child Citizenship Act of 2000, Pub. L. No. 106-395, 114 Stat 1631 (Oct. 30, 2000), Congress amended the Immigration and Nationality Act to provide new criteria for alien children to acquire United States citizenship automatically. To obtain the benefit of the legislation plaintiff Satwinder Singh must adjust status before his 18th birthday on January 18, 2008.

Plaintiffs have been diligent in their efforts to obtain permanent residence. Plaintiff Satwinder Singh initially sought adjustment of status in 1998 on the basis of his asylum status. Although Surinder Singh was admitted as a United States citizen on January 5, 2005, the USCIS delayed one year, until January 10, 2006, to inform plaintiffs that further action needed to be taken to obtain Satwinder Singh permanent resident status. Within one week of receiving that notice the visa petition was filed and Satwinder Singh re-applied for permanent residence as the child of a United States citizen. It has eighteen months since the petition and application were filed. Plaintiffs have been interviewed. The USCIS has failed to adjudicate the case.

The balance of hardships unquestionably tips in plaintiffs' favor. The USCIS suffers no hardship in discharging its legal duty. In contrast, plaintiff Satwinder Singh stands to lose his right to automatic United States citizenship if his application is not promptly adjudicated.

## VIII. CONCLUSION

Based upon the foregoing it is respectfully submitted that the motion for a preliminary injunction should be granted and the USCIS enjoined to adjudicate plaintiffs' visa petition and application for adjustment of status.

Dated: July 13, 2007

Respectfully submitted,

_____
JONATHAN M. KAUFMAN
Attorney for Plaintiffs